IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CT-3121-D

| RONALD McCLARY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NURSE CULLEN, and | ) | |
| NURSE MARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

On May 24, 2018, Ronald McClary ("McClary" or "plaintiff") filed a complaint, alleging Eighth Amendment sexual harassment and deliberate indifference claims under 42 U.S.C. § 1983 [D.E. 1]. On April 12, 2019, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 9] and recommended dismissing McClary's sexual harassment claim and permitting McClary's deliberate indifference claim to proceed. On April 19, 2019, McClary responded to the M&R [D.E. 10].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct de novo review if a party makes "general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). Rather, "it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." Id. (quotation and emphasis omitted).

McClary's response does not meaningfully address the M&R. Because there is no clear error on the face of the record, the court accepts the recommendations in the M&R.

Alternatively, the court overrules McClary's objections. McClary's description of an alleged isolated incident of verbal harassment is insufficient to establish a constitutional violation. See, e.g., Jackson v. Holley, 666 F. App'x 242, 244 (4th Cir. 2016) (per curiam) (unpublished); Howard v. Everett, 208 F.3d 218, 2000 WL 268493, at *1 (8th Cir. 2000) (per curiam) (unpublished table decision); Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997).

In sum, the court OVERRULES McClary's objections [D.E. 10], ADOPTS the conclusions in the M&R [D.E. 9], and DISMISSES McClary's sexual harassment claim. McClary may proceed with his deliberate indifference claim. The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02, which governs service of process in state prisoner civil rights cases. If necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d). The clerk of court is DIRECTED to proceed in accordance with standing order 17-SO-03 governing appointment of NCPLS to assist in discovery.

2

SO ORDERED. This 25 day of April 2019.

                                                  JAMES C. DEVER III  
                                                  United States District Judge